JOHN P. LEE v. M. H. EURE, et als.

## Parties.

1. The Court will not grant an order to make parties, unless it appears probable that the proposed parties are in some way necessary to a proper and complete determination of the action.

2. Where the Superior Court ordered a *nol. pros.* as to certain defendants, who appealed from the order, and moved in the Supreme Court to make other persons parties, whose presence in the action was only necessary if the *nol. pros.* had been erroneously entered; *Held*, that the motion to make parties will not be considered, until the question raised by the *nol. pros.* is disposed of.

MOTION made in the Supreme Court to make parties.

The action was tried before *Gudger, Judge,* at Spring Term, 1884, of GATES Superior Court, and was brought to subject certain lands, once the property of Wm. Lee, to the payment of a judgment rendered against him. It was alleged that said Lee had

executed a deed for the land to the defendant Eure, for the pur-
pose of defrauding his creditors.   Lee died before this action was
begun, and it was brought against his administrator, his heirs-at-
law, the said Eure, and Benj. Saunders, to whom it was alleged
that Eure had conveyed the land with notice.

On the trial in the Superior Court, the plaintiff asked leave to
enter a *nolle prosequi* as to the defendants Eure and Saunders,
which was resisted by them, on grounds not now necessary to be
stated.

His Honor granted the motion, and the defendants Eure and
Saunders appealed.

Pending the hearing of the appeal in this court, the plaintiff
died, and, without objection, his administrator was made a party.
The appellants also moved in this court to make the plaintiff's
heirs-at-law parties.

*Messrs. Gatling & Whitaker* and *Pruden & Vann* for plaintiff.
*Messrs. Grandy & Aydlett* and *L. L. Smith* for defendants.

MERRIMON, J.   At the Spring Term, 1884, of the Superior
Court of Gates county the appellee, by leave of the court, entered
a *nolle prosequi* as to the appellants.   Whereupon, they excepted
and appealed to this court.   Pending the appeal, the appellee died.
At the present term of this court, his death has been suggested
and admitted, and an order has been entered without objection,
directing that his personal representative be made a party plaintiff.

The appellants also suggest that his heirs-at-law are necessary
parties, and they desire to have relief as against them in some
aspect of the action, and they likewise move to make such heirs-
at-law parties plaintiff.

The Court will not grant an order to make such additional
parties, unless it appears at least probable that the proposed par-
ties are in some way necessary to a proper and complete determi-
nation of the action.   Nor will the Court anticipate the possible
materiality of a person as a party, and bring him into the action

before the necessity for making him such appears. The question presented by the appeal is whether or not the court below properly allowed the appellee to enter a *nolle prosequi* as to the appellants. If this question shall be determined in the affirmative, then the latter will not be parties to the action longer, and will not have any such interest in it as will entitle them to ask that the heirs-at-law of the appellee be made parties plaintiff. If on the other hand it shall turn out that the questions so presented shall be determined in the negative, then it may be proper to make the heirs-at-law parties for the purpose contemplated by the appellants, and a motion then made for that purpose will be in apt time. It does not appear that they are now necessary parties for any purpose, and it may turn out that they will not be. So the motion must for the present be denied.

*Motion denied.*